NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MARINA A. TORRES (Cal. Bar No. 259576)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2262
     Facsimile: (213) 894-0141
     E-mail:    miri.song@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-00828-DSF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION AS TO DEFENDANT STEVEN JAMES GUTIERREZ |
| v. | |
| STEVEN JAMES GUTIERREZ, | Sentencing Date: July 15, 2019 |
| Defendant. | Sentencing Time: 8:30 a.m.<br>Location:    Courtroom of the<br>             Hon. Dale S. Fischer |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Marina A. Torres, hereby files its Sentencing Position as to defendant STEVEN JAMES GUTIERREZ ("Sentencing Position").

//
//
//
//
//
//

This Sentencing Position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 9, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

_____
MARINA A. TORRES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On October 7, 2018, defendant STEVEN JAMES GUTIERREZ ("defendant") illegally possessed a .40 caliber pistol with one round of ammunition. A Grand Jury returned an indictment on November 30, 2018, charging defendant with one count of being a felon in possession of a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(1). Defendant pleaded guilty to this charge on April 1, 2019. (Docket "Dkt." No. 27.)

On June 10, 2019, the United States Probation Office ("USPO") filed its Presentence Investigation Report ("PSR"). (Dkt. No. 29.) The USPO determined that: (1) defendant's base offense level is 20; (2) defendant's total offense level is 17; (3) defendant's criminal history category is III; and (4) the applicable sentencing guidelines range includes 30 to 37 months' imprisonment, a term of supervised release of one to three years, a fine from $10,000 to $95,000, and mandatory special assessment of $100. (PSR ¶¶ 12-20, 29, 76-82.) The USPO also filed its recommendation for sentencing on June 10, 2019, and recommended a downward variance. (Dkt. 28.) The USPO recommended that defendant be sentenced to a term of 18 months' imprisonment, a term of supervised release for a term of three years, and a $100 special assessment fee. (Dkt. 28.)

The government concurs with the USPO's calculation of defendant's offense level, criminal history category, and sentencing guidelines. For the reasons outlined below, the government submits that a 30-month custodial sentence, a three-year term of supervised release, and a $100 special assessment are sufficient, but not

greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

**II.  STATEMENT OF FACTS**

On August 9, 2017, defendant was convicted of Possession of a Controlled Substance While Armed, in violation of California Health & Safety Code Section 11370.1(a), and Possession of a Machine Gun, in violation of California Penal Code Section 32625(a), in the Superior Court of the State of California, County of Ventura, case no. 2017022098.  (Dkt. 26 ¶ 7; PSR ¶ 5.)  This was a felony crime punishable by a term of imprisonment exceeding one year.  (Dkt. 26 ¶ 7.)

On October 7, 2018, in the city of Oxnard, California, within the Central District of California, Oxnard Police Department ("OPD") officers responded to a domestic dispute call, where witnesses reported having seen defendant in a domestic dispute with his girlfriend.  (PSR ¶ 6.)  Defendant possessed a Smith & Wesson Model MP 40 Shield .40 caliber pistol, bearing serial number HXP6619, and ammunition, namely, one round of Winchester Military Ammunition .40 caliber ammunition, which defendant placed underneath a vehicle.  (Id.; Dkt. 26 ¶ 7.)  This firearm was registered to defendant's father.  (PSR ¶ 6.)

On October 7, 2018, defendant told the OPD officers that his girlfriend was upset with him for not being able to defend her from a male co-worker who was harassing her.  (PSR ¶ 9.)  Defendant said he went into the house to get his father's gun because his girlfriend told him she was being followed.  (Id.)  Defendant said that he discarded the gun as soon as he saw police because he did not want to get shot.  (Id.)

2

**III. THE PRESENTENCE INVESTIGATION REPORT AND RECOMMENTATION LETTER**

The USPO calculated defendant's base offense level at 20 under USSG § 2K2.1(a)(4)(A) because the defendant's prior conviction for possession of a machinegun falls within the statutory definition of a "crime of violence" under 26 U.S.C. § 5845(a)(6) (including "machine gun"). (PSR ¶ 12.) After a three-point downward adjustment for acceptance of responsibility under USSG §§ 3E1.1(a), (b), the USPO calculated defendant's total offense level as 17. (PSR ¶¶ 19-20.) The government concurs with the USPO's calculation of defendant's total offense level. The government also concurs with the USPO's calculation of defendant's criminal history score and category, which it determined, respectively, to be 5 and III. (PSR ¶¶ 27-29.) An offense level of 17 and criminal history category of III yield a guidelines' imprisonment range of 30 to 37 months.

The USPO recommends a downward variance, based on the sentencing factors enumerated at 18 U.S.C. § 3553(a), and that defendant be sentenced to a term of 18 months' imprisonment, a term of supervised release for a term of three years, and a $100 special assessment fee. (Dkt. 28 at 3-7.)

**IV. THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The government recommends that the Court impose a sentence of 30 months' imprisonment, followed by a three-year period of supervised release, and a special assessment of $100. The government submits that such a sentence is sufficient, but not greater than necessary, to address defendant's criminal conduct, taking into account all the factors the Court must consider under 18 U.S.C. § 3553(a). See United States v. Booker, 543 U.S. 220, 260 (2005).

The government recommends a term of 30 months' imprisonment as appropriate and justified in light of the factors set forth under 18 U.S.C. § 3553(a).  A 30-month term of imprisonment appropriately reflects the nature and circumstances of the offense, the history and characteristics of defendant, as well as the need for the sentence to promote respect for the law and afford adequate deterrence to others and prevent them from possessing a firearm and ammunition as a convicted felon.  A 30-month sentence would be "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2)(A)-(C), discussed further below.

First, the nature and circumstances of the offense support the government's recommended sentence, which is the lower end of the guidelines.  This is a serious offense. Defendant was a prohibited person in possession of a loaded firearm in his front yard during a domestic dispute, prompting witnesses to call the police.  At the time, defendant was on probation for a felony conviction for a crime of violence.  The instant offense, however, involved defendant's brief possession of his father's registered firearm at the family home.  (Dkt. 28 at 4.)  Defendant's decision may have been influenced by his girlfriend's proclamation that he was not defending her from a male coworker who was harassing her, and that she was being followed. (PSR ¶ 9.)  Defendant's decision to retrieve a firearm in this context was dangerous.  Defendant appears to have retrieved his father's firearm without much thought – a fact that USPO noted was an exercise of "poor judgment," but one that should be compared to "many defendants who commit the same offense[,] who possess firearms either regularly or during the commission of additional crimes."  (Dkt. 28

4

at 6.)  His drug use shortly before the offense may have also played a part in his poor decision making.  (Id.)

Second, defendant accepted responsibility for his actions early.  He admitted possessing the firearm to the OPD officers on the scene, and pleaded guilty pursuant to an agreed upon factual basis contained in a joint statement filed with the Court.  (Dkt. 26; Dkt. 28 at 4.)  According to the Probation Officer, he expressed a "sincere" desire to do better for himself, his young daughter, and his family upon release.  (Dkt. 28 at 6; see also id. at 4.)

Third, defendant's history and characteristics also support the government's recommended sentence.  Based on information provided by the Probation officer, defendant enjoys strong parental and familial support, which may be a significant benefit to reduce his risk of recidivism upon release.  (PSR ¶¶ 38-42.)  His family has continued to visit him weekly (now bi-weekly) during his incarceration in Santa Ana, despite the distance.  (PSR ¶ 42.)  Defendant's criminal history consists of two prior convictions.  (Dkt. 28 at 6.)  His prior criminal sentences have been to probation and 180 days' incarceration, making the recommended sentence in the instant case significantly more severe.  (Dkt. 28 at 4.)  Prior to his arrest, defendant had played varsity sports in high school, and briefly attended community college before leaving when his young daughter was born.  (Id.; PSR ¶ 56.)  Defendant has a verified history of employment, dating back to at least 2012 and right up to a couple of weeks prior to his current incarceration.  (Dkt. 28 at 4; PSR ¶¶ 58-65.)  Defendant also has a history of substance abuse and addiction.  (Dkt. 28 at 4; PSR ¶¶ 48-55.)  Defendant has twice completed treatment programs for drug abuse – Aegis Treatment Center and

5

Alternative Actions Program, both in Oxnard – and told the Probation Officer he is interested in further drug treatment, which suggests he desires rehabilitation. (PSR ¶¶ 53-55.)  Defendant has also been taking administrative assistance courses through Santa Ana College while incarcerated, again suggesting a commitment to bettering himself. (PSR ¶ 56.)

Fourth, and finally, the government respectfully submits that a low-end sentence of 30 months (1) will appropriately reflect the seriousness of the offense and promote respect for the law; (2) will deter future criminal conduct from both the defendant and others without being greater punishment than necessary; (3) will serve to protect the community; and (4) provide defendant with needed educational or vocational training, medical care, or other correctional treatment.  The government has considered the various aggravating and mitigating factors.  Following consideration of these factors, the government believes that a sentence of 30 months' imprisonment and three years' supervised release will impress upon defendant the seriousness of his crime and will give defendant time to reconsider his actions in light of the consequences.

**V.  CONCLUSION**

For all of the foregoing reasons, the government accepts the PSR and concurs with the Probation Officer's total offense level and Criminal History Category calculations.  The government respectfully submits that the factors set forth in 18 U.S.C. § 3553(a) support the imposition of a sentence that includes (1) a term of 30 months of imprisonment; (2) a three-year term of supervised release; (3) no fine; and (4) a mandatory special assessment of $100.  This sentence would satisfy each of the factors set forth in 18 U.S.C. § 3553(a)

and would be "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2). The government concurs with the USPO's assessment of defendant's inability to pay a fine, and recommends that defendant not be ordered to pay a fine. (PSR ¶ 70.)

Dated: July 9, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

MARINA A. TORRES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

7